# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONAN J. KYLES,

      Plaintiff,

  v.                                            Case No. 18-CV-2003

CARE AND COMFORT COMMITTEE;
JOHN AND JANE DOES, *MSDF-HSU*;
MS. BERGELIN, *HSU-Manager*;
MR. GOULDEMAN, *Unit Manager*; and
JOHN AND JANE DOE, *Inmate Complaint Examiner*,

      **Defendants**.

## SCREENING ORDER

Plaintiff Ronan J. Kyles, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. This order resolves Kyles's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Kyles's motion to proceed without prepaying the filing fee and to screen the complaint in light of his consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**1. Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act applies to this case because Kyles was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow him to pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On December 21, 2018, the court ordered Kyles to pay an initial partial filing fee of $13.92. He paid that fee on January 15, 2019. Therefore, the court will grant Kyles's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983 a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*2.2 The Complaint's Allegations*

Kyles is incarcerated at the Milwaukee Secure Detention Facility. He alleges that in May 2018 he submitted two health service slips, one for "medical" regarding his leg and one for "dental" regarding his teeth. Kyles has metal bullet fragments in his leg that cause swelling and he wanted his teeth cleaned because tartar buildup caused his mouth to smell bad.

After submitting the health service slips, Kyles was told "he's on the list." (ECF No. 1 at 2.) Kyles did not receive a response until November 2018, when he was told he was at the bottom of the list. Kyles was also told that he would be called when his name reached the top, "so do not put anymore requests in because it's not necessary."

3

(*Id.*) Kyles submitted another request stating that the co-payment was paid so he could see a dentist, that he would be going to Dodge Correctional Institution soon, and that it defeats the purpose of a co-payment to not see the dentist. On November 11, 2018, the defendants said Kyles was "#30 on the list." (*Id.*)

On August 17, 2018, the defendants denied Kyles's request for a lower bunk restriction for his leg. Health service staff and the "Care and Comfort Committee" stated that Kyles did not meet the criteria for a lower bunk at that time. Kyles submitted an inmate complaint, "followed by taking x-rays to prove that there were metal fragments in his right leg." (*Id.* at 3.) The Unit Manager, defendant Mr. Gouldeman, told Kyles that "it will be taken care of," but it never was. Kyles wrote to the Health Services Manager, defendant Ms. Bergelin, who "referred it to the same committee that denied him." (*Id.*) Kyles received a conduct report and two days loss of dayroom for "having an extra pillow to elevate his leg." (*Id.*) The defendants told Kyles it would be in his medical file to have "extra" linen, but it was not.

Kyles states that "the response Defendants gave to the Plaintiff['s] known needs for medical and dental was delayed and was an interference with prescribe[d] healthcare." (*Id.*) He seeks $1.2 million for emotional distress, pain and suffering. He also seeks an order terminating the defendants' licenses.

*2.3 Analysis*

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison

4

officials violate the Eighth Amendment when they show "deliberate indifference" to a substantial risk of serious harm to inmate health or safety. *Id.* at 834-35. Jail officials are deliberately indifferent when they know of a substantial risk of serious harm and either act or fail to act in disregard of that risk. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). An inmate's condition is sufficiently "serious" if it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Id.* (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

Kyles states that the defendants delayed responding to his request for dental care related to his tartar buildup and bad breath. He also states that they delayed responding to his request for medical care related to his swollen leg and that they denied his request for a lower bunk restriction.

Dental care is one of inmates' most important medical needs. *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005) (dental pain and broken teeth are sufficiently serious harms); *Flanory v. Bonn*, 604 F.3d 249, 255-56 (6th Cir. 2010) (tooth pain and gum disease are serious harms); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (swollen, bleeding gums, loose teeth, and extreme tooth pain are serious harms). Several courts have held that dental pain accompanied by various degrees of attenuated medical harm may constitute an objectively serious medical need. *See Fields v. Gander*, 734 F.2d 1313, 1314-15 (8th Cir. 1984); *see also Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (recession or bleeding of the gums); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (deterioration of teeth due to lack of

5

treatment); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (an interference with the ability to eat). However, Kyles does not appear to satisfy the objective standard for an Eighth Amendment claim regarding his dental needs. Kyles does not allege that he suffered any pain or that the delay in getting his teeth cleaned caused him any harm. Tartar buildup and bad breath are not the types of dental care needs that courts have said are sufficiently serious to state an Eighth Amendment claim.

The court assumes that Kyles's swollen leg that contains metal bullet fragments is a sufficiently serious condition to satisfy the Eighth Amendment's objective standard. *See McDonald v. Hardy*, 821 F.3d 882, 889 & n.23 (7th Cir. 2016) (citing *Conley v. Birch*, 796 F.3d 742, 744-45, 747 (7th Cir. 2015) (fractured hand); *Perez v. Fenoglio*, 792 F.3d 768, 774, 776 (7th Cir. 2015) (torn ligament in hand, dislocated thumb, tissue damage, and open wound)); *see also Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (shotgun wound); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 829-30 (7th Cir. 2009) (incorrect insertion of IV needle); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (nasal fracture); *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007) (dislocated and fractured finger)**;** *O'Malley v. Litscher*, 465 F.3d 799, 805 (7th Cir. 2006) (burns).

But it is not clear that Kyles's allegations state a claim for deliberate indifference. Kyles alleges that he experienced a delay in treatment. "A delay in treatment may show deliberate indifference if it exacerbated the inmate's injury or unnecessarily prolonged his pain." *Perez v. Fenoglio*, 792 F.3d at 777-78 (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). While Kyles seeks damages

for pain and suffering, he does not allege what pain and suffering he experienced (whether related to leg or teeth or both) and how the delay exacerbated his injury and/or prolonged his pain.

In short, Kyles's complaint is deficient because his dental issues – tartar buildup and bad breath – do not by themselves present a serious medical need. He also has not alleged that the defendants acted with deliberate indifference to his dental needs or his swollen leg because he does not explain how the delay in treatment impacted him. Kyles also states that the defendants would not give him a lower bunk restriction. But he does not state how the refusal to give him a lower bunk restriction impacted him.

The court will give Kyles an opportunity to amend his complaint to clarify, or expand on, his allegations. When writing his amended complaint, Kyles should provide the court with enough facts to answers to the following questions: 1) Who violated his constitutional rights?; 2) How did each person violate his rights?; 3) How did the delay in treatment harm him?; and 4) When did each person violate his rights? Kyles's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate his rights.

The court is enclosing a copy of its complaint form and instructions. The plaintiff should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—18-cv-2003—in the field for "Case Number." He must list in the caption of the complaint all of the

individuals he contends violated his constitutional rights. He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint, and must be complete in itself. Kyles cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If Kyles files the amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915A.

**ORDER**

**IT IS THEREFORE ORDERED** that Kyles's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Kyles may file an amended complaint that complies with the instructions in this decision on or before **February 28, 2019**.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Kyles a prisoner complaint and a copy of the guide entitled, "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Kyles shall collect from his institution trust account the $346.08 balance of the filing fee by collecting monthly payments from Kyles's prison trust account in an amount equal to 20% of the preceding month's income credited to Kyles's trust account and forwarding

payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Kyles transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with Kyles's remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that Kyles mail all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Kyles that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 7th day of February, 2019.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge