# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RONAN J. KYLES,**

    Plaintiff,

  v.                                                Case No. 18-CV-2003

**MARY JO TRUNNELL, et al.,**

    Defendants.

## DECISION AND ORDER

Plaintiff Ronan J. Kyles, a state prisoner proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. The court screened the amended complaint and allowed Kyles to proceed on a claim that the defendants were deliberately indifferent to his serious medical need, in violation of the Eighth Amendment to the United States Constitution. (ECF No. 12 at 5.) The defendants have filed a motion for summary judgment on the ground that Kyles did not exhaust his administrative remedies. (ECF No. 38.)

On November 7, 2019, the court ordered that Kyles could file a supplemental response to the defendants' motion because the defendants did not attach copies of Federal Rule of Civil Procedure 56, Civil Local Rule 7, or Civil Local Rule 56 to their summary judgment motion and instead included the rules along with their summary judgment reply brief. (ECF No. 48.) Kyles filed his supplemental response on December 3, 2019. (ECF No. 52.)

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

## FACTUAL BACKGROUND

Kyles did not submit a response to the defendants' proposed findings of fact. Therefore, the facts in this section are taken from the defendants' proposed findings of fact and their declaration in support (ECF Nos. 40-41).

Kyles alleges that the defendants were deliberately indifferent to his serious medical needs when they refused to provide him with a lower bunk restriction as well as a pillow or blanket for elevation of his leg, causing him pain. (ECF No. 40, ¶1.) Kyles was housed at Milwaukee Secure Detention Facility (MSDF) from May 7, 2018, until April 12, 2019. (*Id.*, ¶2.) He filed one inmate complaint regarding the allegations of this case. (*Id.*, ¶3.)

Kyles first attempted to file inmate complaint MSDF-2019-308 on November 28, 2018. (ECF No. 40, ¶4.) In the inmate complaint Kyles alleged that he had metal fragments in his leg which caused swelling from being on the top bunk and that he had been requesting a low bunk restriction since May 2018. (*Id.*) The complaint was not accepted because Kyles failed to follow the filing requirements of the complaint system. (*Id.*) Specifically, Kyles failed to follow the proper chain of command before filing his inmate complaint. (*Id.*, ¶5) He did not contact the MSDF health services manager to resolve the issue. (*Id.*)

2

A copy of the complaint was returned to Kyles on December 10, 2018, with instructions on how to properly meet the filing requirements. (ECF No. 40, ¶5.) Kyles was instructed that he could resubmit his returned complaint after following the chain of command. (*Id.,* ¶6.)

On December 21, 2018, Kyles resubmitted the inmate complaint, stating that he had written the health services manager with no results. (ECF No. 40, ¶7.) The institution complaint examiner, Kesha Packer, accepted the complaint and investigated the allegations. (*Id.*) Packer contacted the MSDF health services manager regarding Kyles's allegations. (*Id.,* ¶8.) The health services manager reviewed Kyles's medical records and found that, after evaluation, health services staff determined that Kyles did not meet the criteria for a low bunk. (*Id.*)

On February 1, 2019, Packer recommended that Kyles's inmate complaint be dismissed because he simply disagreed with the decision of the health care providers. (ECF No. 40, ¶9.) On February 15, 2019, the reviewing authority, regional nursing coordinator Lon Becher, agreed with Packer's recommendation to dismiss the complaint. (*Id.*) That day, a copy of the decision was provided to Kyles. (*Id.,* ¶10.) Kyles did not appeal the decision on inmate complaint MSDF-2019-308 to the corrections complaint examiner or the office of the secretary. (*Id.*)

## SUMMARY JUDGMENT STANDARD

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). When considering a motion for summary judgment, the court takes evidence in the light most favorable to the non-moving party and must grant the motion if no reasonable juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be disputed or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)-(B). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

### A. The Exhaustion of Administrative Remedies Requirement

The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The exhaustion requirement is interpreted strictly and a "prisoner must comply with the specific procedures and deadlines established by the prison's policy." *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (quoting *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015)). But "[r]emedies that are genuinely unavailable or nonexistent need not be exhausted." *Id.*

### B. The Inmate Complaint Review System

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). Before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise issues regarding policies, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code § DOC 310.06(1).

Before filing a formal complaint, an inmate must attempt to resolve the issue by following the designated process specific to the subject of the complaint. Wis. Admin. Code § DOC 310.07(1). An inmate must file a complaint with the institution complaint examiner within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). After reviewing and acknowledging each complaint in writing, the institution complaint examiner either rejects the complaint or sends a recommendation to the "appropriate reviewing authority," who may recommend that the complaint be affirmed or dismissed in whole or in part. Wis. Admin. Code §§ DOC 310.10(9) & 310.10(12).

Within fourteen days after the date of the decision, an inmate may appeal the reviewing authority decision to the corrections complaint examiner. Wis. Admin. Code § DOC 310.09(1). Upon good cause as determined by the corrections complaint examiner, an appeal filed later than fourteen days after the date of the reviewing

6

authority decision may be accepted. Wis. Admin. Code § DOC 310.12(6). The corrections complaint examiner reviews the appeal and makes a recommendation to the secretary of the Department of Corrections. Wis. Admin. Code § DOC 310.12(9). The secretary shall either affirm or dismiss the corrections complaint examiner's recommendation or return the appeal to the corrections complaint examiner for further investigation. Wis. Admin. Code § DOC 310.13(2).

## C. Discussion

The defendants contend that Kyles did not exhaust his administrative remedies because he failed to appeal the reviewing authority's decision to dismiss his inmate complaint. (ECF No. 39 at 9.) Kyles filed two responses to the defendants' summary judgment motion, his initial response and his supplemental response that the court allowed after the defendants filed their reply brief. (ECF Nos. 45, 52.) Kyles has also filed a motion for a Pavey hearing. (ECF No. 47.)

Kyles's first response is sworn, *see* 28 U.S.C. § 1746, and he avers in relevant part:

> Around December 2018, Plaintiff Kyles asked 1st shift sergeant John Doe & CO Hernandez on several occasions for an inmate grievance appeal form, and was told that they didn't know what it was, better yet never heard of a DOC-405 form. CO Hernandez was looking, and also asking about the form; so instead, I was given the original page to use to address my complaint. Furthermore, the inmate complaint examiner Ms. Packer (Defendant) knew of this error when I plaintiff Kyles resubmitted the same exact original form the second time. Instead of accommodating plaintiff Kyles with the correct form DOC-405, the defendant Ms. Packer took unfair advantage of the exhaustion requirement by using affirmative misconduct to prevent plaintiff Kyles from exhausting.

7

(ECF No. 45 at 1.)

In Kyles' supplemental response, which is not sworn, he states that prison staff on his unit did not know what a DOC-405 form was, and that staff did not provide him with the DOC-405 form when he asked for it. (ECF No. 52 at 1.) Kyles says that inmate complaint forms are supposed to be mandatory when asked for, and that they should be in plain view like other forms. (*Id.*) He states that Packer, the instituiton complaint examiner at MSDF, knows that without the DOC-405 form "Madison will not proceed with my complaint because that's DOC policy." *Id.* at 1-2. He concludes that "as a result of Ms. Packer nor staff accommodat[ing] Kyles with the DOC 405 form in December 2018 and February 2019, the court should dismiss the defendants' motion for summary judgment and grant plaintiff Kyles' motion to reply to a Pavey hearing with counsel." (*Id.* at 2.)

In his motion for a Pavey hearing Kyles states that, since prison staff made the system unavailable to him, he is entitled to a Pavey hearing with evidence and the testimony of MSDF's complaint examiners. (ECF No. 47.) Kyles also requests counsel for the hearing. (*Id.*)

It is undisputed that Kyles did not appeal the dismissal of his inmate complaint, which means that he did not complete the exhaustion process. However, exhaustion is not required when prison officials responsible for providing grievance forms refuse to give the prisoner the forms necessary to exhaust. *See Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) (citing *Dale v. Lappin*, 376 F.3d 652, 655-56 (7th Cir. 2004)). In other words, if Kyles was unable to appeal the dismissal of his inmate

8

complaint because prison staff would not give him an appeal form, his failure to complete the exhaustion process is excused because administrative remedies were not available to him.

The defendants contend that there is no evidence that anyone prevented Kyles from filing an appeal or otherwise made the appeals process unavailable to him. (ECF No. 46 at 4.) They point to the fact that in his sworn response Kyles says that he asked for an appeal form "[a]round December 2018" but that his complaint was not dismissed until February 2019, so he would not have needed an appeal form until then. (*Id.* at 2.) The defendants explain that Kyles's version of events in his first response incorrectly focuses on the initial return of his inmate complaint and that he successfully resubmitted the original complaint after writing the health services manager. (*Id.* at 2-3.)

According to the defendants, because Kyles focused on the wrong portion of the review process, he has offered no evidence that the prison made the appeals process unavailable to him and, absent any contrary allegations from Kyles, all evidence points to the process having been available to him. (ECF No. 46 at 4.) The defendants point to Wis. Admin. Code § DOC 310.04, which provides that the "department shall maintain an inmate complaint review system that shall be accessible to all inmates in institutions," Wis. Admin. Code § DOC 310.04(1), and that Wisconsin makes the system available to inmates by providing, among others, "access to written notification of the complaint procedures to inmates," providing "each inmate written

9

or oral explanation of the complaint procedures" and providing "complaint and appeal forms." Wis. Admin Code § DOC 310.04(1)(a), (b), (d).

Kyles's statement that he asked for an appeal form and that prison staff would not give him one creates a factual issue as to whether administrative remedies were available to him. Moreover, Kyles's supplemental response addresses his request for an appeal form in that he explains that he asked for a DOC-405 form both in December 2018 and February 2019. (ECF No. 52 at 1.) And while these statements are unsworn, they clarify the statements in his sworn, first response in which he also references the DOC-405 form and states that prison officials said they never heard of a DOC-405 form. (ECF No. 45 at 1.) The February 15, 2019 decision of the reviewing authority on Kyles's inmate complaint instructed him to appeal using a DOC-405 form: "A complainant dissatisfied with a decision may, within 14 days after the date of the decision, appeal that decision by filing a written request for review with the Corrections Complaint Examiner on form DOC-405 (DOC 310.12, Wis. Adm. Code)." (ECF No. 41-2 at 4.) Considering the factual issue over whether that appeal form was available to Kyles, the court will deny the defendants' motion for summary judgment.

In *Pavey v. Conley*, the Court of Appeals for the Seventh Circuit directed that the sequence to be followed in a case in which the exhaustion of administrative remedies is contested is:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he

10

must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The court will hold a telephonic conference to discuss scheduling and Kyles's request for counsel.

Lastly, Kyles has also filed a motion for summary judgment. But the exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999)). The court must address the exhaustion issue before turning to the merits of the case. *See Pavey*, 544 F.3d at 740. For administrative purposes, the court will deny Kyles's motion for summary judgment without prejudice. If this case is not dismissed after the *Pavey* hearing, the court will set deadlines for discovery and dispositive motions. At that time Kyles may renew his motion for summary judgment or may file a new one.

## ORDER

**THEREFORE, IT IS ORDERED** that Kyles's motion for summary judgment (ECF No. 23) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that Kyles's motion for a Pavey hearing (ECF No. 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that the court will hold a telephonic scheduling conference on **February 6, 2020 at 10:30 a.m.** Counsel for defendants shall call the court's conference line at 888-278-0296 and use access code 8322317# to join the call. Judge Duffin's deputy clerk has set this up with Jackson Correctional Institution and the deputy clerk will connect Mr. Kyles to the conference call.

Dated at Milwaukee, Wisconsin this 29th day of January, 2020.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge