# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RONAN J. KYLES,**

    Plaintiff,

v.                        Case No. 18-CV-2003

**MARY JO TRUNNELL, et al.,**

    Defendants.

## ORDER

Plaintiff Ronan J. Kyles, a state prisoner proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. The court screened the amended complaint and allowed Kyles to proceed on a claim that the defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment to the United States Constitution. (ECF No. 12 at 5.) This matter is before the court on the defendants' request for additional briefing on the issue of whether Kyles exhausted his administrative remedies before filing this lawsuit.

**1. Background**

On January 29, 2020, the court denied the defendants' motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 53.) A *Pavey* evidentiary hearing was scheduled for June 8, 2020, to determine whether administrative remedies were available to Kyles. (ECF No. 62.) Four days before the scheduled *Pavey* hearing the defendants filed a motion to waive the *Pavey* hearing

because they believed that they could not satisfy their burden due to factual disputes. (ECF No. 63 at 1-2.) The defendants also requested additional briefing on whether Kyles exhausted his administrative remedies before he filed this lawsuit. (*Id.* at 2.) On June 8, 2020, the court granted the defendants' motion to waive the *Pavey* hearing and set a briefing schedule on whether the defendants should be allowed to raise a new argument relating to Kyles's exhaustion of his administrative remedies that was not briefed during summary judgment. (ECF Nos. 64, 65.*)* The parties have submitted additional briefing in accordance with the schedule set by the court.

## 2. The Parties' Arguments

The defendants contend that the court should allow them to raise an additional argument as to why Kyles failed to exhaust his administrative remedies. (ECF No. 67 at 3-4.) The defendants point out that they pled the exhaustion affirmative defense in their answer and that they pressed it in their motion for summary judgment. (*Id.* at 4.) They acknowledge that they did not argue that Kyles failed to exhaust his administrative remedies when he filed this lawsuit before completing the administrative review process as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). (*Id.* at 7.) Counsel for the defendants concedes that she erred by not identifying the argument earlier and including it in the summary judgment motion. (*Id.*)

The defendants contend that the court should exercise its discretion to allow the additional argument because (1) Kyles is not prejudiced by the inadvertent failure to raise the argument earlier, (2) Kyles has an opportunity to respond to the

2

argument, and (3) the Seventh Circuit Court of Appeals will usually address on appeal a new argument supporting a claim made before the district court. (*Id.* at 5-6.)

Kyles contends that the defendants should not be rewarded for repeated delays, and opines that they strategically attempted to delay a decision in this case for seven months, until after *Chambers v. Sood*, 956 F.3d 979 (7th Cir. 2020), was decided. (ECF No. 68 at 1.) Kyles also asserts that the defendants negligently failed to raise their new exhaustion argument earlier and that they should be held to deadlines absent excusable neglect. (*Id.* at 1-2.) He says that, since the defendants' new argument will not release them from liability or dismiss the case with prejudice, their purpose is only to throw up speed bumps which needlessly raise the cost of litigation. (*Id.* at 2.) Kyles also says that he is prejudiced because of the legal loan debt he incurred in responding to the defendants' additional brief. (*Id.*)

**3. Discussion**

The exhaustion of administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendants did not waive the exhaustion affirmative defense; they raised it in their answer to the amended complaint (ECF No. 20 at 1) and they argued in their summary judgment motion that Kyles failed to exhaust his administrative remedies, albeit on a different ground than they seek to pursue here. The defendants timely filed their motion for summary judgment on exhaustion grounds and the court stayed discovery and case deadlines pending

3

resolution of the exhaustion issue. (ECF No. 44.) But, by counsel's admission, the defendants erred in not raising the argument they seek to raise now.

The defendants acknowledge that the court has discretion over whether to consider their new argument. *See Pansier v. United States*, Case No. 19-C-1431, 2020 WL 615290, at *3 (E.D. Wis. Feb. 10, 2020) ("The decision to prohibit further briefing on an issue was within the court's discretion."); vacated and remanded on other grounds, *Pansier v. United States*, 821 F. App'x 642 (7th Cir. Sept. 18, 2020). The defendants contend that Kyles has not been prejudiced by their oversight in failing to raise the new argument earlier because the court stayed discovery and case deadlines until it resolved the exhaustion issue and because, "[s]hould this Court reject the Defendants' additional exhaustion argument, Kyles will have a full and fair opportunity to seek discovery and prepare for trial." (ECF No. 67 at 5.)

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust administrative remedies, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances. *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies before filing suit; a 'sue first, exhaust later' approach is not acceptable." *Chambers*, 956 F.3d at 984 (quoting *Ford v. Johnson*, 362 F.3d 395, 398-

4

400 (7th Cir. 2004)). "A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting administrative remedies." *Id.* (citing *Ford*, 362 F.3d at 401).

Kyles filed one inmate complaint related to the allegations in his federal court complaint. Kyles first attempted to file his inmate complaint on November 28, 2018, but it was returned to him on December 10, 2018, with instructions to resubmit the complaint after following the "chain of command." (ECF No. 41-2 at 1-2, 7-8.) Kyles resubmitted his inmate complaint (MSDF-2019-308), the institution complaint examiner received it on December 21, 2018, and the reviewing authority dismissed it on February 15, 2019. (ECF No. 41-2 at 1, 4-5.) In the interim, Kyles filed this lawsuit on December 20, 2018. (ECF No. 1.)

At summary judgment the parties disputed whether Kyles had access to an appeal form to complete the exhaustion process. The defendants waived the *Pavey* hearing because they believed they could not satisfy their burden of proving that Kyles had access to an appeal form. Thus, Kyles's failure to complete the exhaustion process is excused because administrative remedies were unavailable to him. *See Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016). So while Kyles has now exhausted his available administrative remedies, he had not exhausted his administrative remedies before filing this lawsuit.

Having said that, Kyles's failure to complete the exhaustion process before filing this lawsuit does not preclude the court from resolving this case on the merits. *See Fluker v. Cnty. of Kankakee*, 741 F.3d 787, 792-92 (7th Cir. 2013) (failure to

5

exhaust administrative remedies does not deprive a court of jurisdiction and a district court may progress from the PLRA defense to the merits if the situation properly calls for it); *see also Bowman v. Korte*, 962 F.3d 995, 998-99 (7th Cir. 2020) (rejecting defendants' motion for summary judgment on exhaustion grounds when it was filed two years after the court-imposed deadline and two months before trial). Dismissing this case without prejudice for failure to exhaust administrative remedies now would be inefficient. There are no longer any administrative remedies to exhaust. In this situation, the efficient course is to reject the defendants' request to raise an additional argument in favor of their motion for summary judgment on exhaustion grounds.

The court will set deadlines for the completion of discovery on the merits and filing dispositive motions on the merits as set forth below.

**THEREFORE, IT IS ORDERED** that the court **REJECTS** the defendants' request to raise an additional argument in support of their motion for summary judgment for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that the deadline for the completion of discovery on the merits is **February 16, 2021**, and the deadline for filing dispositive motions on the merits is **March 15, 2021**.

Dated at Milwaukee, Wisconsin this 20th day of October, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge