# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RONAN J. KYLES**,

    Plaintiff,

v.                                                Case No. 18-CV-2003

**MARY JO TRUNNELL,** *et al.*

    Defendants.

## ORDER

On February 19, 2021, plaintiff Ronan J. Kyles filed a motion to appoint counsel. (ECF No. 76.) In a civil case the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th

Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Kyles attaches to his motion an exhibit showing he wrote to various attorneys and received replies declining to represent him. (ECF No. 76-2.) Thus, he satisfies the first prong.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 2021 WL 456002 at *8. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case,

2

the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

Kyles explains he needs an attorney because his jail house lawyer is no longer helping him on his case and because he tried to obtain discovery from the defendants, but they refused to provide it. The Seventh Circuit Court of Appeals recently held that, in instances where plaintiffs claim they are losing their jailhouse lawyer, courts need to evaluate whether the plaintiff can litigate the case without the aid of a jailhouse lawyer. *Eagan*, 987 F.3d at 685. However, Kyles did not provide the court with enough information to make such a determination. As such, Kyles should supplement his motion by the deadline listed below and give the court more information about his personal ability to litigate the case.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Kyles is to supplement his motion to appoint counsel (ECF No. 76) by **March 29, 2021,** by providing the court with more information on his ability to litigate the case. Once the court receives that information, it will rule on the motion.

Dated in Milwaukee, Wisconsin this 9th day of March, 2021.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge